ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
REESE V. BOSTWICK
Assistant U.S. Attorney
Arizona State Bar No. 009934
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: reese.bostwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>$9,688.42 in U.S. Currency as Substitute Res for One 2002 GMC Sierra 1500, VIN: 1GTEC14T42Z257166,<br><br>$3,093.90 in U.S. Currency as Substitute Res for One 2005 Freightliner Columbia 120, VIN: 1FUJA6CK95PU46656,<br><br>$3,718.50 in U.S. Currency as Substitute Res for One 2004 Utility Refrigerated Trailer, VIN: 1UYVS25314U197808,<br><br>Defendants. | COMPLAINT FOR FORFEITURE <u>IN</u> <u>REM</u> |

The United States of America, by and through its undersigned attorneys, hereby brings this complaint and alleges as follows in accordance with Supplemental Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges the following upon information and belief for its claim against the above-named defendants $9,688.42 in U.S. currency as

*substitute res* for one 2002 GMC Sierra 1500, VIN: 1GTEC14T42Z257166, $3,093.90 in U.S. currency as *substitute res* for one 2005 Freightliner Columbia 120, VIN: 1FUJA6CK95PU46656, and $3,718.50 in U.S. currency as *substitute res* for one 2004 Utility Refrigerated Trailer, VIN: 1UYVS25314U197808 (hereinafter collectively referred to as the "*Substitute Res*"), to enforce the provisions of 21 U.S.C. § 881(a)(4) and 881(a)(6) for the forfeiture of the *Substitute Res*.

**THE DEFENDANT IN REM**

2. The *Substitute Res* consists of three amounts of U.S. currency: $9,688.42, $3,093.90, and $3,718.50, which represent the net sales proceeds of a court-ordered sale of one 2002 GMC Sierra 1500, VIN: 1GTEC14T42Z257166, one 2005 Freightliner Columbia 120, VIN: 1FUJA6CK95PU46656, and one 2004 Utility Refrigerated Trailer, VIN: 1UYVS25314U197808, respectively. The *Substitute Res* is presently in the custody of the United States Marshals Service, where it will remain subject to this Court's jurisdiction during the pendency of this action.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has in rem jurisdiction over the *Substitute Res* under 28 U.S.C. 1355(b).

5. Venue is proper in this District pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and/or pursuant to 28 U.S.C. § 1395(b) because the *Substitute Res* is located in this District.

**BASIS FOR FORFEITURE**

6. The United States alleges that the *Substitute Res* is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) and 881(a)(6) because it was used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of narcotics, and constitutes proceeds, or is traceable to proceeds, of narcotics

trafficking.

7. The 2002 GMC Sierra 1500 was used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of narcotics, and constitutes proceeds, or is traceable to proceeds, of narcotics trafficking in violation of Title 21, United States Code, Sections 846 and 841, and as such is forfeitable pursuant to Title 21, United States Code, Sections 881(a)(4) and 881(a)(6).

8. The 2005 Freightliner Columbia 120 and 2004 Utility Refrigerated Trailer were purchased with proceeds from narcotics trafficking, in violation of Title 21, United States Code, Sections 846 and 841, and as such are forfeitable pursuant to Title 21, United States Code, Section 881(a)(6).

**FACTS**

9. The attached Affidavit of Craig Arndt, Task Force Officer with the Drug Enforcement Administration, is incorporated herein by reference.

**CLAIM FOR RELIEF**

WHEREFORE, the United States prays that the *Substitute Res* be forfeited to the United States and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 13th day of August, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Reese V. Bostwick*

REESE V. BOSTWICK
Assistant U.S. Attorney

## VERIFICATION

I, Craig Arndt, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my case, together with others as a Task Force Officer with the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _AUGUST 10, 2018_

_____
CRAIG ARNDT, Task Force Officer
Drug Enforcement Administration

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff(s):** United States of America | **Defendant(s):** $9,688.42 in U.S. Currency as Substitute Res for One 2002 GMC Sierra 1500, VIN ; $3,093.90 in U.S. Currency as Substitute Res for One 2005 Freightliner Columbia 120, VIN ; $3,718.50 in U.S. Currency as Substitute Res for One 2004 Utility Refrigerated Trailer, VIN |
| County of Residence: Pima | County of Residence: Pima |
| County Where Claim For Relief Arose: Pima | |
| Plaintiff's Atty(s): | Defendant's Atty(s): |
| **Reese V. Bostwick , Assistant U.S. Attorney**<br>**U.S. Attorney's Office**<br>**405 W. Congress St., Ste. 4800**<br>**Tucson, Arizona 85701**<br>**520-620-7300** | |

II. Basis of Jurisdiction:   **1. U.S. Government Plaintiff**

III. Citizenship of
Principal Parties **(Diversity Cases Only)**

    Plaintiff:- **N/A**
    Defendant:- **N/A**

IV. Origin :   **1. Original Proceeding**

V. Nature of Suit:   **625 Drug Related Seizure of Property 21 USC 881**

VI. Cause of Action:   **21 U.S.C. 881(a)(4) and (a)(6)**

VII. Requested in Complaint

    Class Action: **No**
    Dollar Demand:
    Jury Demand: **No**

VIII. This case **IS RELATED** to Case Number **CR16-1255 TUC JAS (DTF)** assigned to Judge **Soto.**

---

**Signature:  Reese V. Bostwick**

  Date:  **08/13/2018**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014

**AFFIDAVIT**

I, CRAIG ARNDT, a Task Force Officer (TFO), with the Drug Enforcement Administration (DEA), having been duly sworn, state as follows:

1. I am an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section, 2510(7), who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) and have been so employed since July of 2014 to the Tucson District Office Organized Crime Drug Enforcement Task Force (OCDETF). Your Affiant is an 18-year veteran of law enforcement and has been employed as a peace officer in the State of Arizona by the Tucson Police Department. Your Affiant is a graduate of the Southern Arizona Law Enforcement Training Center (SALETC) and received approximately 640 hours of training at SALETC. Additionally, your Affiant has participated in numerous narcotic and money laundering investigations and wiretap investigations.

3. Your Affiant has been assigned to the Organized Crime Drug Enforcement Task Force Strike Force / Financial Investigations (OCDETF/SF/ FI) based in Tucson, Arizona. The task force is comprised of the Drug Enforcement Administration (DEA), Homeland Security Investigations (HSI), Internal Revenue Service, Criminal Investigation Division (IRS-CID), and the Federal Bureau of Investigations (FBI).

4. I have taken part in numerous investigations of individuals who have violated federal and state laws, particularly federal laws found in Title 18 (money laundering), and Title 21 (controlled substance violations) of the United States Code. I have conducted physical and electronic surveillance, I am familiar with counter-surveillance tactics, have written and executed several search warrants, reviewed documents and records/ledgers of drug smugglers, and interviewed and debriefed confidential sources of information and cooperating informants regarding the functions of drug trafficking organizations.

5. Your Affiant has participated in numerous interviews with individuals involved in the distribution, transportation, and sale of controlled substances regarding their operations. As a result of my experience, I have become familiar with the day-to-day operations of drug traffickers and the methods used to import, transport, conceal, and distribute narcotics and narcotic proceeds. I am aware that drug traffickers often utilize sophisticated methods to carry out their drug trafficking activities including utilizing only trusted individuals and family members. I am also aware that drug trafficking organizations operating in the United States, as well as foreign nations, have knowledge of law enforcement techniques and regularly employ methods to elude law enforcement such as aliases and fictitious identifications, prepaid cellular telephones with fictitious billing and subscriber information, and compartmentalizing the activities and knowledge of their members to limit cooperation with law enforcement in the event of a member's arrest.

6. I am an investigative or federal law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

7. The facts in this affidavit come from my personal observations, other law enforcement officers either directly or indirectly through their oral and written reports or affidavits; surveillance conducted by law enforcement officers; analysis of telephone toll records and subscriber information; and information provided by confidential sources. I also rely on my experience, training and background as a Detective/TFO in evaluating this information. As this affidavit is submitted for a limited purpose, it does not contain all aspects of the investigation.

8. This affidavit is made in support of the forfeiture of $9,688.42 in U.S. currency as *substitute res* for one 2002 GMC Sierra 1500, VIN: 1GTEC14T42Z257166, $3,093.90 in U.S. currency as *substitute res* for one 2005 Freightliner Columbia 120, VIN: 1FUJA6CK95PU46656, and $3,718.50 in U.S. currency as *substitute res* for one 2004 Utility Refrigerated Trailer, VIN: 1UYVS25314U197808 (hereinafter collectively referred to as the "*Substitute Res*"). The 2002 GMC Sierra 1500 was used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of narcotics, and constitutes proceeds, or is traceable to proceeds, of narcotics trafficking in violation of Title 21, United States Code, Sections 846 and 841, and as such is forfeitable pursuant to Title 21, United States Code, Sections 881(a)(4) and 881(a)(6). The 2005 Freightliner Columbia 120 and 2004 Utility Refrigerated Trailer were purchased with proceeds from narcotics trafficking, in violation of Title 21, United States Code, Sections 846 and 841, and as such are forfeitable pursuant to Title 21, United States Code, Section 881(a)(6).

9. On June 22, 2016, in the United States District Court, District of Arizona, criminal matter CR 16-1255 TUC JAS (DTF), Luis Alfonso ACUNA was indicted in an eight count Indictment, charging the defendant, and fourteen other co-conspirators, with felony violations of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(ii)(II) and (b)(1)(A)(viii), Conspiracy to Possess with Intent to Distribute Methamphetamine and Cocaine, Count 1; Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii)(II) and Title 18, United States Code, Section 2, Possession with Intent to Distribute Cocaine and Aiding and Abetting, Counts 2, 4, 6; Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Cocaine, Count 3; Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2; Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, Count 5; Title 18, United States Code, Section 1956(h), 1956(a)(1)(B)(i), Conspiracy to Launder Monetary Instruments, Count 7; and Title 18, United States Code, Section 1956(h), 1956(a)(1)(A)(i), Conspiracy to Launder Monetary Instruments, Count 8. The Indictment further contained a general Forfeiture Allegation pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982. A Bill of Particulars for Forfeiture of Property was filed on October 6, 2016, naming the above-named assets for forfeiture. The Indictment was superseded on May 3, 2017, to add a co-conspirator and included these assets for forfeiture.

10. On October 31, 2017, in the same criminal matter, ACUNA pled guilty to an Information, which charged him with felony violations of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(ii)(II), Conspiracy to Possess with Intent to Distribute Cocaine and Title 18, United States Code, Section 1956(h), Conspiracy to Launder Monetary Instruments, and included a Forfeiture Allegation alleging the 2002 GMC Sierra 1500, 2005 Freightliner Columbia 120, and 2004 Utility Refrigerated Trailer as forfeitable pursuant to Title 21, United States Code, 853 and Title 18, United States Code, Section 982. The Information further alleged a money judgment in

the amount of $283,765 in United States currency, representing the sum of money involved in the conspiracy to commit money laundering.

11.     On October 31, 2017 ACUNA entered a guilty plea to the charges in the Information and agreed to forfeit his interest in the 2002 GMC Sierra 1500, 2005 Freightliner Columbia 120, and 2004 Utility Refrigerated Trailer, and to the entry of a personal money judgment in the amount of $283,765 in U.S. currency.  Pursuant to a written agreement, ACUNA agreed to the following facts:

   a.     From a time unknown, to on or about April 12, 2016, at or near Tucson, in the District of Arizona, and Charlotte, in the Western District of North Carolina, Luis Alfonso ACUNA did knowingly conspire with persons known and unknown to possess with intent to distribute over 4 kilograms of cocaine and conduct financial transactions involving the proceeds of drug trafficking designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of drug trafficking.

   b.     ACUNA directed David Galvan HARO, Valentin GUIZAR, and other co-conspirators to mail parcels of cocaine and methamphetamine to Charlotte using the United States Postal Service (USPS).  On July 21, 2015, two parcels of cocaine were seized that were destined for Charlotte.  Agents intercepted these packages and determined that they contained cocaine.  ACUNA directed HARO and another individual to send the cocaine to Charlotte via the USPS.  On April 7, 2016, ACUNA directed GUIZAR to send a parcel of cocaine to Charlotte via the USPS.  Agents intercepted that parcel and it contained cocaine.  In total, approximately 4 kilograms of cocaine sent through the USPS were seized as part of the conspiracy.

   c.     After the narcotics were shipped via USPS, ACUNA would then coordinate with individuals in Charlotte.  ACUNA provided bank account numbers for individuals in Charlotte to deposit what ACUNA knew to be narcotics trafficking proceeds into bank accounts belonging to Tucson-based co-conspirators in order to conceal and disguise the nature, location, source ownership and control of the proceeds of the narcotics shipments.  ACUNA would also coordinate the delivery of the narcotics proceeds once they were withdrawn in Tucson.  In addition, ACUNA used his own bank account to receive deposits from North Carolina that he knew to be proceeds from narcotics trafficking.  ACUNA conspired with others to launder $283,765 in U.S. currency.

   d.     The 2002 GMC Sierra 1500, VIN:  1GTEC14T42Z257166 constituted proceeds of and property that facilitated the drug trafficking, and the 2005 Freightliner Columbia 120, VIN:  1FUJA6CK95PU46656 and 2004 Utility Refrigerated Trailer, VIN: 1UYVS25314U197808 constituted proceeds of the drug trafficking.

12.     Pursuant to the Preliminary Order of Forfeiture entered at the change of plea hearing, and agreement of the parties, the United States sold the 2002 GMC Sierra 1500, 2005 Freightliner

Columbia 120, and 2004 Utility Refrigerated Trailer at auction on March 26, 2018.[1] The *Substitute Res* is currently in the custody of the U.S. Marshals Service.

13.  ACUNA was set to be sentenced on July 11, 2018. ACUNA was out of custody at the time. ACUNA failed to appear for sentencing and a warrant was issued for his arrest. ACUNA is currently a fugitive. Until ACUNA is caught and sentenced, the United States is unable to obtain a Final Order of Forfeiture for the *Substitute Res*, which is the reason for this civil forfeiture action.

14.  Based upon your Affiant's knowledge of the facts of this investigation contained herein, your Affiant's experience, as well as the experience of other investigators that your Affiant has conferred with regarding this investigation, it is submitted that probable cause exists to believe that the *Substitute Res*, which represents the sales proceeds of one 2002 GMC Sierra 1500, one 2005 Freightliner Columbia 120, and one 2004 Utility Refrigerated Trailer, is subject to forfeiture pursuant to Title 21, United States Code, Sections 881(a)(4) and 881(a)(6). The 2002 GMC Sierra 1500 was used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of narcotics, and constitutes proceeds, or is traceable to proceeds, of narcotics trafficking, in violation of Title 21, United States Code, Sections 846 and 841, and as such is forfeitable pursuant to Title 21, United States Code, Sections 881(a)(4) and 881(a)(6). The 2005 Freightliner Columbia 120 and 2004 Utility Refrigerated Trailer were purchased with proceeds from narcotics trafficking, in violation of Title 21, United States Code, Sections 846 and 841, and as such are forfeitable pursuant to Title 21, United States Code, Section 881(a)(6).

Further, your Affiant sayeth not.

_____
CRAIG ARNDT, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this __10__ day of __AUGUST__, 2018.

_____
Notary Public

Mary Parker
Notary Public
Pima County, Arizona
Commission Expires
July 27, 2021

---

[1] The assets were sold only after the publication and notice requirements of Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure were satisfied. *See*, Notice of Publication, ECF No. 661, filed on December 4, 2017 in CR 16-1255 TUC JAS (DTF). There are no known putative claimants to the *Substitute Res*. The 2002 GMC Sierra 1500 sold for $13,025 and expenses were $3,336.58. Therefore, $9,688.42 is the *substitute res* for the 2002 GMC Sierra 1500. The 2005 Freightliner Columbia 120 sold for $8,025 and expenses were $4,931.10. Therefore, $3,093.90 is the *substitute res* for the 2005 Freightliner Columbia 120. The 2004 Utility Refrigerated Trailer sold for $8,025 and expenses were $4,306.50. Therefore, $3,718.50 is the *substitute res* for the 2004 Utility Refrigerated Trailer.